**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., & ROYALTY PHARMA COLLECTION TRUST, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1602 (SLR) |
| | ) | |
| APOTEX CORP. and APOTEX INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., & ROYALTY PHARMA COLLECTION TRUST, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1603 (SLR) |
| | ) | |
| HETERO USA INC. and HETERO LABS LIMITED, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FOREST LABORATORIES, INC., FOREST LABORATORIES HOLDINGS, LTD., & ROYALTY PHARMA COLLECTION TRUST, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 13-1604 (SLR) |
| | ) | |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

FOREST LABORATORIES, INC.,           )
FOREST LABORATORIES HOLDINGS,        )
LTD., & ROYALTY PHARMA               )
COLLECTION TRUST,                    )
                                     )
            Plaintiffs,              )
                                     )
      v.                             )    C.A. No. 13-1605 (SLR)
                                     )
MYLAN INC. and MYLAN                 )
PHARMACEUTICALS INC.,                )
                                     )
            Defendants.              )
                                     )
FOREST LABORATORIES, INC.,           )
FOREST LABORATORIES HOLDINGS,        )
LTD., & ROYALTY PHARMA               )
COLLECTION TRUST,                    )
                                     )
            Plaintiffs,              )
                                     )
      v.                             )    C.A. No. 13-1606 (SLR)
                                     )
PAR PHARMACEUTICAL, INC.,            )
                                     )
                                     )
            Defendant.               )
                                     )
FOREST LABORATORIES, INC.,           )
FOREST LABORATORIES HOLDINGS,        )
LTD., & ROYALTY PHARMA               )
COLLECTION TRUST,                    )
                                     )
            Plaintiffs,              )
                                     )
      v.                             )    C.A. No. 13-1607 (SLR)
                                     )
RANBAXY INC. and RANBAXY             )
LABORATORIES LTD.,                   )
                                     )
            Defendants.              )
                                     )

FOREST LABORATORIES, INC.,
FOREST LABORATORIES HOLDINGS,
LTD., & ROYALTY PHARMA
COLLECTION TRUST,

             Plaintiffs,

             v.

FIRST TIME US GENERICS LLC,

             Defendant.

)
)
)
)
)
)
)
)
)  C.A. No. 13-1642 (SLR)
)
)

FOREST LABORATORIES, INC.,
FOREST LABORATORIES HOLDINGS,
LTD., & ROYALTY PHARMA
COLLECTION TRUST,

             Plaintiffs,

             v.

AMNEAL PHARMACEUTICALS, LLC,
AMNEAL PHARMACEUTICALS OF
NEW YORK, LLC, and AMNEAL
PHARMACEUTICALS CO. INDIA PVT.
LTD.,

             Defendants.

)
)
)
)
)
)
)
)
)  C.A. No. 13-1737 (SLR)
)
)
)
)
)
)
)
)
)

FOREST LABORATORIES, INC.,
FOREST LABORATORIES HOLDINGS,
LTD., & ROYALTY PHARMA
COLLECTION TRUST,

             Plaintiffs,

             v.

GLENMARK GENERICS INC., USA,
GLENMARK GENERICS LTD.,
GLENMARK PHARMACEUTICALS
LTD.,

             Defendants.

)
)
)
)
)
)
)
)
)  C.A. No. 14-159 (SLR)
)
)
)
)
)

## JOINT SCHEDULING ORDER

At Wilmington this ___ day of March, 2014 the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b) on March 18, 2014;[1]

IT IS ORDERED that:

1.     **Consolidation.**

These actions are consolidated for all purposes, and all papers shall be filed in Civil Action No. 13-1602 SLR.

2.     **Pre-Discovery Disclosures.**

On January 8, 2014, Defendants with the exception of Glenmark Generics Inc., USA, Glenmark Generics Ltd., and Glenmark Pharmaceuticals Ltd.,  exchanged with Plaintiffs the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.  Glenmark Generics Inc., USA, Glenmark Generics Ltd., and Glenmark Pharmaceuticals Ltd. will exchange the required information with Plaintiffs by March 24, 2014.  On March 17, 2014, Defendants Mylan Inc. and Mylan Pharmaceutical Inc. served their First Amended Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

3.     **Discovery.**

(a)     Discovery will be needed on the following subjects:

Forest Laboratories, Inc., Forest Laboratories Holdings, Ltd., (collectively, "Forest") and Royalty Pharma Collection Trust (all collectively, "Plaintiffs") will take discovery on infringement and Defendants' contentions on claim construction and invalidity, and Defendants' defenses, counterclaims, and contentions including those set forth in the patent

---

[1]     For convenience, attached as Exhibit A is a chart setting forth the schedule for this case.

notices pursuant to 21 U.S.C. §355(j)(2)(A)(vii)(IV).  Plaintiffs reserve the right to take discovery on additional subjects as the case progresses.

Defendants Apotex Corp. and Apotex Inc. (collectively "Apotex"), Hetero USA Inc., and Hetero Labs Limited (collectively, "Hetero"), Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"), Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan"), Par Pharmaceutical, Inc. ("Par"), Ranbaxy Inc. and Ranbaxy Laboratories Ltd. (collectively, "Ranbaxy"), First Time U.S. Generics LLC ("First Time"), Amneal Pharmaceuticals, LLC, Amneal Pharmaceuticals of New York, LLC and Amneal Pharmaceuticals Co. India PVT. Ltd. (collectively, "Amneal"), and Glenmark Generics Inc., USA, Glenmark Generics Ltd., and Glenmark Pharmaceuticals Ltd. (collectively, "Glenmark") (all collectively, "Defendants") will take discovery from Plaintiffs regarding their contentions, claims, and defenses concerning the patents-in-suit.

Additionally, Defendants will need discovery on, at least, the following topics:

- the knowledge of the alleged inventors and prosecuting attorneys of the patents-in-suit regarding the subject matter of the patents-in-suit;
- the prior art relating to the patents-in-suit;
- the conception of and reduction to practice of the alleged inventions claimed in the patents-in-suit;
- any alleged secondary considerations of non-obviousnsess of the patents-in-suit  as well as any evidence showing lack of alleged secondary considerations;
- the preparation and prosecution of the patents-in-suit; and
- the development and formulation, of Savella® and methods of use thereof.

Defendants reserve their respective rights to take discovery on additional subjects as the case proceeds.

       (b)     All fact discovery shall be commenced in time to be completed by **February 13, 2015**.

       (1)     **Interrogatories.**

       Plaintiffs, collectively may serve a maximum of eighteen (18) interrogatories (including subparts), to each "Defendant Group" (*e.g.*, Apotex, Hetero, Lupin, Mylan, Par, Ranbaxy, First Time, Amneal and Glenmark).  Defendants collectively may serve twenty (20) common interrogatories, on Plaintiffs.  Each Defendant Group may serve up to an additional seven (7) individual interrogatories (including subparts), on Plaintiffs.

       (2)     **Disclosures Pursuant to Paragraph 3 and 4 of the Default Standard for Discovery.**

       a.     By **April 8, 2014,** Parties will provide to each other the disclosures described in Paragraph 3 of the Delaware Default Standard for Discovery as set forth in Exhibit A.

       b.     By **April 8, 2014,** Plaintiffs will provide to Defendants the disclosures described in paragraph 4(a) of the Delaware Default Standard for Discovery as set forth in Exhibit A.

       c.     By **May 6, 2014,** Defendants will provide to Plaintiffs the disclosures described in paragraph 4(b) of the Delaware Default Standard for Discovery as set forth in Exhibit A.

       d.     By **June 3, 2014,** Plaintiffs will provide to Defendants the disclosures described in paragraph 4(c) of the Delaware Default Standard for Discovery as set forth in Exhibit A.

       e.     By **July 15, 2014,** Defendants will provide to Plaintiffs the disclosures described in paragraph 4(d) of the Delaware Default Standard for Discovery as set forth in Exhibit A.

       f.      Plaintiffs will provide supplementation to their contentions on infringement and Defendants provide supplementation to their contentions on validity on **January 16, 2015**.

       (3)      **Requests for Admissions**

Plaintiffs may serve up to twenty (20) requests for admission, not including admissions directed towards authentication of documents, to each Defendant Group.  Defendants collectively may serve up to twenty (20) common requests for admission on Plaintiffs, not including admissions directed towards authentication of documents. Each Defendant Group may serve up to an additional twenty (20) individual requests for admission on Plaintiffs, not including admissions directed towards authentication of documents.

       (4)      **Document Production.**

Document production shall be completed by **October 3, 2014**.  The parties will meet and confer to reach an agreement concerning document discovery, including Discovery of Electronically Stored Information ("ESI").  In the absence of agreement among the parties or an Order of the Court, the Section 5 ("Specific E-Discovery Issues") of the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") shall govern.

       **(5)**      **Depositions.**

Plaintiffs may take a maximum of one hundred and twenty-five (125) hours of fact depositions of Defendants' witnesses collectively (party and non-party), including 30(b)(6) witnesses, unless extended by agreement of the parties or leave of the Court. Each deposition by Plaintiffs is limited to a maximum of seven (7) deposition hours unless extended by agreement of the parties or leave of the Court.  To the extent than an interpreter is

required at a deposition, each hour shall be counted as one-half hour of deposition time for purposes of this provision.

Defendants collectively may take a maximum of one hundred and fifty (150) hours of fact depositions of Plaintiffs' witnesses (party and non-party), including 30(b)(6) witnesses, to disperse amongst the Defendants as they see fit, unless extended by agreement of the parties or leave of the Court.

Each deposition by Defendants is limited to a maximum of seven (7) deposition hours unless extended by agreement of the parties or leave of the Court.  To the extent that an interpreter is required at a deposition, each hour shall be counted as one-half hour of deposition time for purposes of this provision.  The depositions of each named inventor of each patent-in-suit may last up to twelve (12) deposition hours.

(6)     In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to **October 15, 2014.**

(c)     **Expert Discovery.**

Expert discovery shall be commenced in time to be completed by **August 14, 2015**.  An in-person status conference shall be conducted on **September 2, 2015** at **4:30 p.m.**, if the parties have any issues regarding expert discovery.  No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference, and the court deems a motion practice appropriate.

(1)     **Expert Reports.**

Expert reports on issues for which the parties have the burden of proof are due **March 13, 2015.**  Rebuttal expert reports are due **April 13, 2015**.  Plaintiffs' Rebuttal reports will include secondary considerations of non-obviousness. Reply expert reports are due

- 8 -

**May 13, 2015**.  Plaintiffs may file Sur-reply reports on secondary consideration arguments raised for the first time in Defendants' Reply report by **May 27, 2015.**  The parties agree that drafts of expert reports and written communications with experts shall not be discoverable.

**(2)    Expert Depositions.**

Expert depositions shall be limited to a maximum of seven (**7**) **deposition** hours unless extended by agreement of the parties, or leave of Court.

(d)    Supplementations under Rule 26(e) are due **September 11, 2015.**

(e)    **Discovery Disputes.**

(1)    The Court shall conduct an in-person discovery status conference on **November 13, 2014** at **4:30 p.m.**  No motions to compel or for protective order shall be filed absent prior approval of the court.

(2)    The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(f)    **Fact Witnesses to be Called at Trial.**  By **September 25, 2015**,

Each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  By **October 9, 2015** each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such depositions shall be completed by **November 16, 2015** and shall be limited to twenty (20) deposition hours in the aggregate for Defendants collectively, and twenty (20) deposition hours in the aggregate for Plaintiffs collectively, but no more than seven (7) deposition hours per deponent, unless extended by agreement of the parties or upon order of the court upon good cause shown.

- 9 -

4.      **Joinder of other Parties and Amendment of Pleadings.**

All motions to join other parties and amend the pleadings by Plaintiffs or Defendants with respect to the Complaints filed against Defendants, shall be filed on or before **January 16, 2015**.

5.      **Settlement Conference.**   Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[2] for the purposes of exploring ADR.

6.      **Claim Construction Issue Identification.**

If the court does not find that an earlier claim construction would be helpful in resolving the case, the Plaintiffs and Defendants shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms by **August 5, 2014.**  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

7.      **Claim Construction.**

Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

All parties shall agree upon and file the Joint Claim Construction Statement on **September 9, 2014** with the claim chart separately docketed.  Plaintiffs shall file their opening brief on claim construction on **October 21, 2014.**  Defendants shall file their answering brief on

---

[2]      The court may also refer ADR to a Special Master.

claim construction on **November 21, 2014** Plaintiffs' reply brief shall be filed by **December 22, 2014.** Defendants' sur-reply brief shall be filed by **January 22, 2015**.

To the extent the Defendants agree on all the terms that are disputed, Defendants will make all reasonable efforts to submit joint claim construction briefing. Should a particular defendant have additional terms for construction or additional arguments, such defendant, may submit an additional brief not exceeding five (5) pages.

8.     **Summary Judgment Motions.**

No summary judgment motions shall be filed in this Hatch-Waxman litigation.

9.     **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a)     Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)     No telephone calls shall be made to chambers.

(c)     Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

10.     **Motions in Limine.**  No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11.     **Pretrial Conference.**

A combined pretrial conference and claim construction hearing will be held on **December 15, 2015 at 3:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del LR 16.3 shall govern the pretrial conference.

12.     **Trial.**

This matter is scheduled for a ten day bench trial commencing on **January 19, 2016** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

UNITED STATES DISTRICT JUDGE

| Event | Date |
|---|---|
| Pre-Discovery Disclosures | January 8, 2014 or March 24, 2014 depending on defendant |
| Disclosures Pursuant to Paragraph 3 of the Default Standard | April 8, 2014 |
| Plaintiffs' Identification of the Accused Products, the Asserted Patents and the production of file histories pursuant to Paragraph 4(a) of the Default Standard | April 8, 2014 |
| Defendants' Production of Core Technical Documents Pursuant to Paragraph 4(b) of the Default Standard | May 6, 2014 |
| Plaintiffs' Initial Claim Chart on Infringement Pursuant to Paragraph 4(c) of the Default Standard | June 3, 2014 |
| Defendants' Initial Invalidity Contentions pursuant to Paragraph 4(d) of the Default Standard | July 15, 2014 |
| Exchange of claim terms the parties believe need construction and their proposed construction | August 5, 2014 |
| Submission of Joint claim construction statement and separate claim chart | September 9, 2014 |
| Document Discovery Closes | October 3, 2014 |
| No Deposition shall be scheduled before | October 15, 2014 |
| Plaintiffs' opening claim construction brief | October 21, 2014 |
| In person Discovery Status Conference | November 13, 2014 at 4:30 p.m. |
| Defendants' answering claim construction brief | November 21, 2014 |
| Plaintiffs' reply claim construction brief | December 22, 2014 |
| Cut off for joinder of other parties; amendment of the pleadings | January 16, 2015 |

| Event | Date |
|---|---|
| Plaintiffs provide supplementation to their contentions on infringement; Defendants provide supplementation to their contentions on validity. | January 16, 2015 |
| Defendants' surreply claim construction brief | January 22, 2015 |
| Close of Fact Discovery; deadline for completion of fact depositions | February 13, 2015 |
| Expert Reports for which the parties have the burden of proof | March 13, 2015 |
| Rebuttal expert reports | April 13, 2015 |
| Reply reports | May 13, 2015 |
| Plaintiff's Sur-Reply expert reports on secondary consideration arguments raised for the first time in Defendants' Reply reports | May 27, 2015 |
| Completion of expert discovery | August 14, 2015 |
| In person status conference to identify issues in Expert Discovery | September 2, 2015 at 4:30 p.m. |
| Supplementations under Rule 26(e) due | September 11, 2015 |
| List of each fact witness (including expert witness giving fact testimony) who has previously been disclosed during discovery that it intends to call at trial | September 25, 2015 |
| List of each rebuttal fact witness (including expert witness giving fact testimony) who has previously been disclosed during discovery that it intends to call at trial | October 9, 2015 |
| Completion of depositions of fact witnesses who have not previously been deposed in the case | November 16, 2015 |
| Pretrial Conference and Claim Construction Hearing | December 15, 2015 at 3:30 p.m. |
| Trial | January 19, 2016 |